IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| CAROLYN E. SMITH, | ) |
| | ) |
| Plaintiff. | ) |
| | ) |
| v. | ) Case No: 04-0943-CV-W-GAF |
| | ) |
| Z-LABEL SYSTEMS, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Presently before the Court is a Motion to Dismiss for Lack of Subject Matter Jurisdiction filed by the Defendants, Z-Label Systems, Inc. ("Z-Label"). (Doc. #40). The Plaintiff, Carolyn E. Smith ("Smith"), filed this action asserting claims arising under the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"). (Doc. #1). Z-Label contends that this Court lacks subject matter jurisdiction over Smith's FMLA claims because Smith has failed to prove that she satisfies the statutory definition of "qualified employee." (Doc. #41). Smith responds that she is entitled to the protections of the FMLA under the doctrine of equitable estoppel which invokes principles of federal common law. (Doc. #46). Having carefully considered the arguments presented by the parties, Z-Label's Motion to Dismiss for Lack of Subject Matter Jurisdiction is DENIED.

## DISCUSSION

**I.  Facts**

Smith alleges that Z-Label violated the FMLA by terminating her employment after she took an extended period of leave which she believed was covered by the FMLA. (Pl.'s 2nd Am. Compl.). Smith began working for Z-Label on July 7, 2003. Id. Ten months later, in May 2004, Smith informed her

immediate supervisor and Z-Label's human resource representative that she was going to need to take medical leave beginning June 17, 2004 to have a hysterectomy. Id.

Smith completed all the necessary FMLA paperwork, provided to her by Z-Label, prior to having surgery. Id. Smith contends that Z-Label "made representations to [her] that her upcoming medical leave would be covered by the FMLA" and Smith "relied upon [Z-Label's] representations regarding her coverage under the FMLA in deciding to continue with the request and subsequent medical leave." Id.

On June 17, 2004, Smith underwent surgery. Id. Smith's first estimated return to work date was August 2, 2004. Id. However, due to complications with her surgery, Smith's doctor moved her estimated return to work date to August 16, 2004 and finally August 30, 2004. Id.

On August 23, 2004, Z-Label's human resource representative contacted Smith to inquire about the date Smith anticipated returning to work. Id. Smith responded that she would be seeing her doctor on August 27, 2004 and would know following that visit if she would be able to return to work on August 30, 2004. Id. Z-Label's human resource representative informed Smith that she had a meeting with Z-Label's owner wherein it was decided that Smith's employment with Z-Label was terminated. Id.

On October 15, 2004, Smith filed a single count complaint against Z-Label asserting that Z-Label had violated Smith's rights under the FMLA by terminating her employment following her extended period of leave. (Doc. #1). Smith, in reliance on Z-Label's representations, believed this leave was covered by the FMLA. Id. Z-Label subsequently filed this Motion to Dismiss arguing that the Court lacks subject matter jurisdiction over Smith's FMLA claims because Smith fails to satisfy the statutory definition of "eligible employee" and, therefore, is not entitled to the protection provided by the FMLA. (Doc. #41). Smith responds by arguing that whether she is an "eligible employee" under the FMLA does not present

2

a jurisdictional question, but rather reaches the merits of her FMLA claim. (Doc. #46). Smith further argues that she is entitled to the protections of the FMLA under the doctrine of equitable estoppel as a result of Z-Label's representations that Smith's leave was covered by the FMLA. Id. As applying the doctrine of equitable estoppel to an FMLA claim requires the Court to consider federal common law, Smith contends that this Court has subject matter jurisdiction to hear her case.

**II.    Standard**

Z-Label argues that Smith's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") because this Court lacks subject matter jurisdiction to adjudicate Smith's claims. Federal courts are courts of limited jurisdiction and "have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Marine Equip. Mgmt. Co. v. United States, 4 F.3d 643, 646 (8th Cir. 1993) *citing* Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986); *See also* Godfrey v. Pulitzer Pub. Co., 161 F.3d 1137, 1141 (8th Cir. 1998). The party asserting jurisdiction bears the burden of establishing that a cause lies within the federal court's limited jurisdiction. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). "The first and fundamental question presented by every case brought to the federal courts is whether it has jurisdiction to hear a case." Bender, 475 U.S. at 541.

Pursuant to 28 U.S.C. § 1331, federal courts have subject matter jurisdiction to hear civil actions "arising under the Constitution, laws, or treaties of the United States." Subject matter jurisdiction premised on 28 U.S.C. § 1331 is commonly known as "federal question jurisdiction" and is the basis upon which Smith asserts this Court has jurisdiction to hear her FMLA claims. Smith claims that federal question
3

jurisdiction exists because Smith's claim of equitable estoppel "arises under" a federal statute, the FMLA, and therefore requires the application of federal common law principles of equitable estoppel.

There are two types of challenges to subject matter jurisdiction: facial challenges and factual challenges. In a facial challenge, the court restricts itself to the face of the pleadings, and all of the factual allegations concerning jurisdiction are presumed to be true. Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993). A motion to dismiss presenting a facial challenge to the court's subject matter jurisdiction should be granted where the plaintiff fails to allege an element necessary for subject matter jurisdiction. Titus, 4 F.3d at 593. The non-moving party is afforded the same protections in a facial challenge to subject matter jurisdiction as they are entitled to in a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). As such, when considering this Motion, the Court will assume that all facts alleged in the complaint are true and liberally construe those allegations in a light most favorable to Smith. *See* Midwestern Machinery, Inc. v. Northwest Airlines, Inc., 167 F.3d 439, 441 (8th Cir. 1999).

Alternatively, when a motion to dismiss presents a factual challenge the court may consider matters outside the pleadings and no presumptive truthfulness attaches to the plaintiff's allegations. Osborn, 918 F.2d at 729 n. 6. The Court finds it unnecessary to consider matters outside the pleadings to determine whether subject matter jurisdiction exists over Smith's claims. The Court considers Z-Label's purported factual challenge to Smith's equitable estoppel claim to be a challenge to the merits of Smith's claim. As such, the Court rejects Z-Label's factual challenge to jurisdiction and focuses on the fact that subject matter jurisdiction may be determined by examining Smith's complaint.

**III.    Analysis**

4

Z-Label argues that because Smith has failed to prove that she is an "eligible employee," Smith is not entitled to relief under the FMLA and, therefore, her claim does not "arise under" federal law. Smith contends that her FMLA claim "arises under" federal law because she is entitled to the protections of the FMLA by the doctrine of equitable estoppel which invokes principles of federal common law.

The FMLA entitles an "eligible employee" to take up to 12 weeks of leave in a 12 month period for the birth or adoption of a child, or the serious health condition of the employee or the employee's child, spouse, or parent. 29 U.S.C. § 2612(a)(1). The FMLA ensures that those who take such leave will be restored to their former position or an equivalent position upon returning to work. 29 U.S.C. § 2614(a)(1). Employers who violate the FMLA are liable to the injured employee for compensatory damages, back pay and equitable relief. *See* 29 U.S.C. § 2617(a)(1). The purpose of the FMLA is to balance of the demands of the workplace with the needs of employees to take leave for eligible medical conditions and compelling family reasons. *See* 29 U.S.C. § 2601(b).

Generally, to invoke the protections of the FMLA Smith must prove that she is an "eligible employee" within the meaning of the FMLA. Nevada Dept. Of Human Res. v. Hibbs, 538 U.S. 721, 739 (2003). Under the FMLA, the term "eligible employee" is defined as an employee who has been employed:

(i) for at least 12 months by the employer with respect to whom leave is requested under section 102 [29 U.S.C. § 2612]; and
(ii) for at least 1,250 hours of service with such employer during the previous 12-month period.

29 U.S.C. § 2611(2)(A). The 12 month requirement of 29 U.S.C. § 2611(2)(A)(i) means 12 full months. *See*, *e.g.*, Walker v. Elmore County Bd. of Ed., 379 F.3d 1249, 1252-53 (11th Cir. 2004) (teacher who

worked from August 9, 1999 to July 27, 2000 was not an "eligible employee" under the FMLA).

Here, Smith began working for Z-Label on July 7, 2003. On June 17, 2004, she took medical leave to have a hysterectomy. Smith had only been employed eleven months when her medical leave commenced. Therefore, based on the undisputed facts that appear on the face of Smith's complaint, Smith is not an "eligible employee" as defined in 29 U.S.C. § 2611(2)(A)(i).

Smith, implicitly recognizing that she is not an "eligible employee" under the FMLA, has argued that she is entitled to the rights provided by the FMLA under the doctrine of equitable estoppel. Where an equitable estoppel claim arises under a federal statute, federal common law principles of equitable estoppel apply. Heckler v. Cmty. Health Serv. of Crawford County, Inc., 467 U.S. 51, 59 (1984); *See also* Kosakow v. New Rochelle Radiology Associates, 274 F.3d 706, 725 (2nd Cir. 2001).[1] Federal common law principles of equitable estoppel are applied because the federal statute in question demands national uniformity. *See* U.S. v. Kimbell Foods, Inc., 440 U.S. 715, 728 (U.S. 1979). The Supreme Court has clearly held that federal question jurisdiction exists over claims arising under federal common law. Illinois v. Milwaukee, 406 U.S. 91, 100 (1972).[2]

---

[1]In Kosakow, the plaintiff asserted an FMLA claim arguing that the defendant should be equitably estopped from challenging her eligibility due to its failure to post required notices. Kosakow, 274 F.3d at 724-75. The Second Circuit found "because this is an equitable estoppel claim under a federal statute, federal law principles of equitable estoppel are applicable." Id. at 725.

[2]In Illinois v. Milwaukee, 367 F.3d at 100, the Supreme Court held, "We see no reason not to give 'laws' its natural meaning, and therefore conclude that § 1331 jurisdiction will support claims founded upon federal common law as well as those of a statutory origin."

6

Smith's claim of equitable estoppel arises within the context of the FMLA. As the FMLA is a federal statutory scheme which demands uniform application, the Court will apply federal common law principles of equitable estoppel to determine if Smith is protected by the provisions of the FMLA. The Court has subject matter jurisdiction over Smith's FMLA claims because her claims "arise under" federal common law principles of equitable estoppel.

## CONCLUSION

Smith's complaint survives this challenge to subject matter jurisdiction because her FMLA claims require the Court to apply federal common law principles of equitable estoppel. Therefore, this Court has subject matter jurisdiction over Smith's claims pursuant to 28 U.S.C. § 1331. Accordingly, Z-Label's Motion to Dismiss for Lack of Subject Matter Jurisdiction is DENIED.

**IT IS SO ORDERED.**

/s/ Gary A. Fenner
GARY A. FENNER, JUDGE
United States District Court

DATED:  August 31, 2005