# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| CAROLYN E. SMITH, | ) |
| Plaintiff. | ) ) ) |
| v. | ) Case No: 04-0943-CV-W-GAF |
| Z-LABEL SYSTEMS, INC., | ) ) ) |
| Defendant. | ) |

## ORDER

Presently before the Court is a Motion for Summary Judgment filed by the Defendant, Z-Label Systems, Inc. ("Z-Label"). (Doc. #42). The Plaintiff, Carolyn E. Smith ("Smith"), filed this action asserting claims arising under the Family Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA"). (Doc. #1). Z-Label argues that Smith's FMLA claims fail because Smith cannot prove that she is an "eligible employee" under the FMLA and, furthermore, Smith cannot show a causal connection between any purported FMLA leave and the alleged adverse employment action. (Doc. #43). Upon careful consideration of the facts and arguments presented by the parties, this Court finds that genuine issues of material fact preclude summary judgment. Accordingly, Z-Label's Motion for Summary Judgment is DENIED.

## DISCUSSION

**I.    Facts**

Smith alleges that Z-Label violated the FMLA by terminating her employment after she took an extended period of leave which she believed was covered by the FMLA. (Pl.'s 2nd Am. Compl.). Smith began working for Z-Label on July 7, 2003. Id. Ten months later, on May 24, 2004, Smith informed her

immediate supervisor and Z-Label's human resource representative that she was going to need to take medical leave beginning June 17, 2004 to have a hysterectomy. Id.

Smith contends that Z-Label "made representations to [her] that her upcoming medical leave would be covered by the FMLA" and Smith "relied upon [Z-Label's] representations regarding her coverage under the FMLA in deciding to continue with the request and subsequent medical leave." (Pl.'s 2nd Am. Compl.). Prior to taking medical leave, Smith filled out all the requisite FMLA paperwork. (Pl.'s Dep. 54:10-55:12). This paperwork was provided to Smith by Tracie Folscroft ("Folscroft"), Z-Label's human resources representative. Id. At the time the paperwork was delivered, Smith contends that Folscroft told her that she "had a total amount of 12 weeks to be off on FMLA." Id.[1] Smith testified that after she filled out the FMLA paperwork and returned it to Folscroft, she never received any feedback or paperwork from Z-Label regarding her FMLA leave. (Pl.'s Dep. 56:13-15).

The FMLA paperwork Smith received outlined the eligibility requirements for FMLA leave. (Pl.'s Dep. 66:9-68:25). Smith observed that to be eligible for FMLA leave, she must be employed with Z-Label for 12 months. Id. Smith believed that she was eligible for FMLA leave because she had worked every month for the prior 12 months. Id. Rather than interpreting the 12 month requirement as 12 full months, or 365 days, Smith interpreted the requirement as working each of 12 months.[2] Id.

---

[1] In her deposition, Smith testified, "Tracie had told me the week of my surgery that I had a total amount of 12 weeks to be off on FMLA." (Pl.'s Dep. 54:14-15). When Z-Label's attorney pressed Smith about Folscroft's exact words, Smith testified, "She [Folscroft] told me that I – she gave me the FMLA paperwork and told me that I had a total of 12 weeks on the leave." (Pl.'s Dep. 56:3-5).

[2] Smith's deposition testimony demonstrates her belief (Pl.'s Dep. 67:19-68:2):
Q: And at that point in time [the day before Smith's surgery], you had been employed by Z for how long?

2

Z-Label does not controvert the fact that FMLA eligibility was discussed with Smith. (Doc. #50 at 10). Z-Label asserts that although it told Smith "she could have the amount of leave she requested to undergo and recover from her surgery," it never explicitly told Smith that her leave would be covered by the FMLA. (Doc. #43 at ¶ 6). Z-Label emphasizes that Smith testified at her deposition that "nobody actually came out and said" that her leave would be covered by the Family Medical Leave Act. (Pl.'s Dep. 79:3-10). Z-Label also stresses that it provided Smith with the eligibility requirements of the FMLA and Smith erroneously assumed that she was covered by the FMLA. (Doc. #50 at 10).

On June 17, 2004, Smith underwent surgery. (Pl.'s 2nd Am. Compl.). Smith's first estimated return to work date was August 2, 2004. Id. However, due to complications with her surgery, Smith's doctor moved her estimated return to work date to August 16, 2004 and finally August 30, 2004. Id.

Smith contends that on August 23, 2004, Folscroft contacted Smith to inquire about the date Smith anticipated returning to work. (Pl.'s Dep. 88:13-89:2). Smith responded that she would be seeing her doctor on August 27, 2004 and would know following that visit if she would be able to return to work on August 30, 2004. Id. Folscroft informed Smith that she had a meeting with Z-Label's owner wherein they concluded that Smith was not as sick as she claimed and it was therefore decided that Smith's employment with Z-Label was terminated. Id.

---

A:  Twelve months.
Q:  Well, you began your employment in July, didn't you?
A:  Yes.
Q:  So, something short of 12 months?
A:  [July] through December is six months, and January through June is six months. That was 12 months.

3

Z-Label simply contends that Smith never returned to work. (Doc. #43, ¶ 18). In her deposition, Folscroft denied ever telling Smith that her employment with Z-Label was terminated. (Folscroft Dep. 65:2-12). Smith's supervisor, Steffen Kosir, testified in his deposition that he contacted Smith via telephone on August 30, 2004 to inquire as to why Smith was not returning to work. (Kosir Dep. 43:1-16). Kosir claims that Smith told him she was fired by Folscroft. Id. Confused, Kosir encouraged Smith to come in to work so that Smith's employment situation with Z-Label could be resolved. Id. Smith denied Kosir's request, stating that she was "too upset" to discuss the issue with Kosir and Z-Label's management. (Kosir Dep. 48:7-49:5).

On October 15, 2004, Smith filed a single count complaint against Z-Label asserting that Z-Label had violated Smith's rights under the FMLA by terminating her employment following her extended period of leave. (Doc. #1). Smith, in reliance on Z-Label's representations, believed this leave was covered by the FMLA. Id.

Z-Label filed this Motion for Summary Judgment arguing that no genuine issue of material fact existed to preclude summary judgment. (Doc. #43). Z-Label further argued that it was entitled to judgment as a matter of law on Smith's FMLA claims because Smith failed to establish that she was an "eligible employee" under the FMLA. Id. Even if Smith could prove that she was entitled to the protections of the FMLA, Z-Label further argued that Smith's FMLA claims fail because Smith has failed to present sufficient evidence of causation. Id.

Smith responds by arguing that she has presented sufficient evidence for a jury to conclude that she is eligible for protection under the FMLA upon application of the doctrine of equitable estoppel. (Doc. #47). With respect to the causation element, Smith contends that the temporal proximity between her

medical leave and subsequent termination is sufficient evidence for a jury to find that her termination occurred as a result of her exercise of rights under the FMLA. Id.

**II.     Standard**

Z-Label filed this Motion for Summary Judgment pursuant to Rule 56(c) of the Federal Rules of Civil Procedure. According to this Rule, summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When considering this Motion, the Court views all facts in the light most favorable to Smith and gives her the benefit of all reasonable inferences. *See* Prudential Ins. Co. v. Hinkel, 121 F.3d 364, 366 (8th Cir. 1997). The Court will not weigh the credibility of the evidence, but rather will focus on whether a genuine issue of material fact exists for trial. Roberts v. Browning, 610 F.2d 528, 531 (8th Cir. 1979); United States v. Porter, 581 F.2d 698, 703 (8th Cir. 1978).

Z-Label bears the burden of proving the absence of disputed material facts. *See* Prudential Ins. Co. v. Hinkel, 121 F.3d 364, 366 (8th Cir. 1997). The burden then shifts to Smith to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). An issue of material fact is "genuine" if "the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party." *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). When the evidence supports conflicting conclusions, a *genuine* issue of material fact exists and summary judgment should be denied. Kells v. Sinclair Buick–GMC Truck, Inc., 210 F.3d 827 (8th Cir. 2000) (emphasis added). The "materiality" of a disputed fact is determined by the substantive law governing the claim. Anderson, 477 U.S. at 248. "Disputes over facts that might affect the outcome of the lawsuit according to applicable

5

substantive law are material." Liebe v. Norton, 157 F.3d 574, 578 (8th Cir. 1998) *citing* Anderson, 477 U.S. at 248.

**III.     Analysis**

In her complaint, Smith asserts two theories of liability arising under the FMLA. First, Smith claims that Z-Label violated the FMLA by terminating her employment while she was on medical leave. The FMLA entitles an "eligible employee" to take up to 12 weeks of leave in a 12 month period for the birth or adoption of a child, or the serious health condition of the employee or the employee's child, spouse, or parent. 29 U.S.C. § 2612(a)(1). The FMLA ensures that those who take such leave will be restored to their former position or an equivalent position upon returning to work. 29 U.S.C. § 2614(a)(1). To recover on this claim Smith must prove that she is eligible for FMLA leave and Z-Label failed to reinstate her to her former position or an equivalent position upon returning to work. *See* 29 U.S.C. §§ 2612(a)(1), 2614(a)(1).

Second, Smith asserts that Z-Label retaliated against her for exercising her rights under the FMLA. To recover on this claim Smith must prove: (1) she exercised rights afforded by and protected under the FMLA; (2) she suffered an adverse employment action; and (3) a causal connection existed between her FMLA leave and the adverse employment action. Smith v. Allen Health Sys., Inc., 302 F.3d 827, 832 (8th Cir. 2002).

The threshold question common to both claims is Smith's eligibility under the FMLA. To recover on both claims, Smith must prove that she is entitled to the protections of the FMLA. Generally, this element is established by proving that the plaintiff is a "qualified employee" under the FMLA. However, in this case Smith asserts that she is entitled to the protections of the FMLA under the doctrine of equitable

6

estoppel. This Court finds that genuine issues of material fact regarding Smith's claim of equitable estoppel preclude summary judgment.

Z-Label further argues that even if issues of fact exist regarding Smith's eligibility under the FMLA and the existence of an adverse employment action, such issues of fact are not material because Smith cannot prove the causation element of her claim for retaliation under the FMLA. Therefore, Z-Label contends, summary judgment may be granted on Smith's retaliation claim. However, this Court finds that genuine issues of material fact exist regarding causation which preclude summary judgment on Smith's claim of retaliation under the FMLA.

### A. *The undisputed facts establish that Smith has failed to satisfy the statutory definition of "eligible employee."*

Z-Label argues that Smith's claims fail because she has failed to prove that she satisfies the statutory definition of "eligible employee" under the FMLA. Generally, to invoke the protections of the FMLA Smith must prove that she is an "eligible employee" within the meaning of the FMLA. *See* Nevada Dept. Of Human Res. v. Hibbs, 538 U.S. 721, 739 (2003). Under the FMLA, the term "eligible employee" is defined as an employee who has been employed:

(i) for at least 12 months by the employer with respect to whom leave is requested under section 102 [29 U.S.C. § 2612]; and
(ii) for at least 1,250 hours of service with such employer during the previous 12-month period.

29 U.S.C. § 2611(2)(A). The 12 month requirement of 29 U.S.C. § 2611(2)(A)(i) means 12 full months. *See*, *e.g.*, Walker v. Elmore County Bd. of Ed., 379 F.3d 1249, 1252-53 (11th Cir. 2004) (teacher who worked from August 9, 1999 to July 27, 2000 was not an "eligible employee" under the FMLA).

7

Here, Smith began working for Z-Label on July 7, 2003. On June 17, 2004, she took medical leave to have a hysterectomy. Smith had only been employed eleven months when her medical leave commenced. Therefore, based on the undisputed facts that appear on the face of Smith's complaint, Smith is not an "eligible employee" as defined in 29 U.S.C. § 2611(2)(A)(i).

### B. *A genuine issue of material fact precludes summary judgment on Smith's equitable estoppel claim.*

Smith, implicitly recognizing that she is not an "eligible employee" under the FMLA, has argued that she is entitled to the rights provided by the FMLA under the doctrine of equitable estoppel. Where an equitable estoppel claim arises under a federal statute, federal common law principles of equitable estoppel apply. Heckler v. Cmty. Health Serv. of Crawford County, Inc., 467 U.S. 51, 59 (1984); *See also* Kosakow v. New Rochelle Radiology Associates, 274 F.3d 706, 725 (2nd Cir. 2001).[3] The Supreme Court has adopted the principles of the Restatement (Second) of Torts § 894 to govern federal common law claims of equitable estoppel. *See* Heckler, 467 U.S. at 59. The Restatement (Second) of Torts § 894 provides in relevant part:

(1) If one person makes a definite misrepresentation of fact to another person having reason to believe that the other will rely upon it and the other in reasonable reliance upon it does an act . . . the first person is not entitled

    (b) to regain property or its value that the other acquired by the act, if the other in reliance upon the misrepresentation and before discovery of the

---

[3]In Kosakow, the plaintiff asserted an FMLA claim arguing that the defendant should be equitably estopped from challenging her eligibility due to its failure to post required notices. Kosakow, 274 F.3d at 724-75. The Second Circuit found "because this is an equitable estoppel claim under a federal statute, federal law principles of equitable estoppel are applicable." Id. at 725.

8

Case 4:04-cv-00943-GAF   Document 67   Filed 09/01/05   Page 8 of 11

> truth has so changed his position that it would be unjust to deprive him of
> that which he thus acquired.

Heckler, 467 U.S. at 59 *quoting* Restatement (Second) of Torts § 894(1).

Therefore, to succeed on her claim of equitable estoppel, Smith must prove that: (1) Z-Label made a "definite misrepresentation of fact" to Smith, knowing that Smith would rely upon it; (2) Smith did reasonably rely upon it; (3) to Smith's detriment. *See* Id. Smith, as the party claiming the estoppel, "must have relied on its adversary's conduct in such a manner as to change his position for the worse and that reliance must have been reasonable in that the party claiming the estoppel did not know nor should it have known that its adversary's conduct was misleading." Heckler, 467 U.S. at 59.

A genuine issue of material fact exists regarding whether Z-Label made a "definite misrepresentation of fact" to Smith. As noted above, an issue of material fact is "genuine" if "the evidence is sufficient to allow a reasonable jury to return a verdict for the non-moving party." *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986). When the evidence supports conflicting conclusions, a *genuine* issue of material fact exists and summary judgment should be denied. Kells v. Sinclair Buick–GMC Truck, Inc., 210 F.3d 827 (8th Cir. 2000) (emphasis added). Here, the evidence is sufficient for a reasonable jury to find that Z-Label made a definite misrepresentation of fact to Smith. Z-Label provide Smith the requisite paperwork for FMLA leave. Upon delivering the paperwork, Folscroft told Smith that she "had a total amount of 12 weeks to be off on FMLA." After returning the paperwork, Smith was never informed by Folscroft that she was ineligible for FMLA leave. Conversely, a reasonable jury could also conclude that this evidence is insufficient to support a finding that Z-Label made a definite misrepresentation of fact to Smith. As the evidence supports conflicting conclusions, a *genuine* issue of

9

material fact exists which precludes summary judgment on this Court's determination of Smith's claim of equitable estoppel.

### C. *A genuine issue of material fact precludes summary judgment on the causation issue.*

Additionally, the evidence presented by the parties regarding causation supports conflicting conclusions. A reasonable jury could find that Z-Label terminated Smith's employment in response to Smith taking extended medical leave which she believed was protected by the FMLA. Smith's employment was terminated by Folscroft in a phone conversation regarding Smith's anticipated return to work date wherein Folscroft told Smith that she did not think Smith was as sick as she claimed. Foslcroft effectively told Smith that her employment with Z-Label was terminated because Smith was "faking" the exercise of her rights under the FMLA to take additional medical leave. This evidence, coupled with the temporal proximity of Smith's FMLA leave and her termination, is sufficient for a reasonable jury to conclude that Smith's termination was caused by Smith's exercise of her rights under the FMLA. Conversely, a reasonable jury could also conclude that this evidence is insufficient to support a finding of causation. As the evidence supports conflicting conclusions, a *genuine* issue of material fact exists which precludes summary judgment on Smith's claim of retaliation under the FMLA.

### **CONCLUSION**

This Court finds that genuine issues of material fact exist regarding Smith's eligibility for protection under the FMLA, a threshold question on both of Smith's FMLA claims. Furthermore, this Court finds that genuine issues of material fact exist regarding causation which preclude summary judgment on Smith's

10

Case 4:04-cv-00943-GAF   Document 67   Filed 09/01/05   Page 10 of 11

retaliation claim.  Due to the presence of genuine issues of material fact, Z-Label's Motion for Summary Judgment is DENIED.

**IT IS SO ORDERED.**

                                                 /s/ Gary A. Fenner  
                                                 GARY A. FENNER, JUDGE  
                                                  United States District Court

DATED:   September 1, 2005